## JOHN D. LOCKE, APPELLANT, *v.* SAMUEL R. FILLEY AND JOHN J. LOCKE, RESPONDENTS.

*Arbitration —favored by the courts — Award — not rejected because, in some particulars, the arbitrators exceed their authority — by a majority of the arbitrators, when good — One partner wrongfully interrupting the business — his liability. therefor.*

THIS is an appeal by the plaintiff from a judgment rendered in favor of the defendants. The action was brought to set aside an award made pursuant to a written submission.

On the first day of January, 1873, the parties to this action formed a partnership, to continue five years from that date. The articles of partnership contained the following provision: "In

case of any disagreement between the said parties as to any matter arising out of this agreement, the parties hereto agree to refer such and all matters of difference between them to the decision of three persons, one to be selected by each of the three said parties, the award of whom, or any two of them, shall be final."

A disagreement having arisen between the parties in regard to the business, the parties in accordance with the above provision executed the following submission :

" Whereas, a partnership was formed on the 1st day of January, 1873, between the undersigned, John D. Locke, S. R. Filley and John J. Locke, which by its terms has not yet expired, but which the partners desire to terminate :

" And whereas, they have been unable to agree upon the terms of dissolution, and various differences have arisen among them;

" Now, therefore, in consideration of the premises, and for a settlement of all the questions between the parties connected with said partnership, the undersigned agree to submit their differences to the arbitrament and award of David H. James, Florien Grosjean and William E. Dodge, jr., whose decision, duly made in writing and delivered to the parties on or before the 1st day of November, 1875, the undersigned severally and mutually agree to abide by and perform."

The matters specially submitted to said arbitrators, and upon which they are to make their award, are:

" First. Upon what terms shall the said S. R. Filley and John J. Locke purchase the stock and interests of the said John D. Locke in all the partnership property of the said firm, including merchandise, furniture and fixtures, machinery at factory, and real estate, the purchasers assuming all the partnership liabilities, and what security upon such purchase shall be given to the said John D. Locke.

" Second. Upon what terms shall the said John D. Locke purchase all the stock and interest of the said S. R. Filley and John J. Locke in the same partnership property, he assuming all the partnership liabilities, and what security upon such purchase shall be given by him to the said S. R. Filley and John J. Locke.

" The arbitrators shall also determine which of the parties shall have the option of purchasing according to the terms awarded,

that is, whether the option shall be given to the said John D. Locke to purchase the interests of the said Samuel R. Filley and the said John J. Locke in said property, or to the said Samuel R. Filley and the said John J. Locke to purchase the interest of the said John D. Locke in the same upon the terms awarded by them; and in case the party to whom such option is awarded does not, within thirty days after the execution and delivery of the award, elect to purchase according to its terms, then the other party to these presents shall, and hereby agrees to purchase according to the terms awarded, as the terms of a purchase by them.

"In determining the matters so submitted, the arbitrators are to have submitted to them the articles of partnership executed between the partners, the partnership books, and any inventories, balance-sheets and other statements appertaining to the partnership business, and also such books and papers of the former firms of John D. Locke & Co. as may be required in the premises, and may act upon their own judgment as to the values, or may take testimony, and after hearing the statements of the parties and their counsel, they shall make their determinations and award upon a full consideration of all the claims, questions and differences of and between the parties."

The award having been made in pursuance of the above submission, the plaintiff sought to set the same aside.

The court at General Term said: "The submission is very comprehensive; several subjects are specifically named, and the phraseology employed is such that it is apparent the parties intended to submit for the determination of the arbitrators all matters in controversy between them connected with such partnership. Such we deem the reasonable construction of the submission. It contains the following: 'Now, therefore, in consideration of the premises, *and for a settlement of all the questions between the parties connected with said partnership.*' Again near the close of the submission the following appears: 'They shall make their determination and award *upon a full consideration of all the claims, questions and differences of and between the parties.*' This submission is to be interpreted in the light which all the surrounding circumstances reflect upon it. The

parties had become dissatisfied, and had resolved to terminate the partnership, and were unable amicably to adjust the terms upon which the same should be accomplished and a settlement between them made. It is quite improbable that they would reserve from the determination of the arbitrators any of the questions which were in dispute between them in regard to such partnership. The fact that certain subjects were specifically mentioned as matters to be submitted and examined, does not justify the conclusion that all others were intended to be excluded. Hence we conclude that the apparent intention of the parties is in harmony with the phraseology employed in framing the submission. The instrument should receive a reasonable construction, with a view to accomplish the purpose obviously intended by the parties. (*French* v. *New*, 20 Barb., 482; *Owen* v. *Boerum*, 23 id., 187; *Emmet* v. *Hoyt*, 17 Wend., 410.) The award of the arbitrators, seems consistent with the submission. They do not appear to have considered matters not within the limits of such submission, nor do we perceive wherein they have omitted to award in regard to any subject in controversy between the parties in relation to the partnership, and which was fairly presented for their determination. It does not follow that an entire award must be rejected because in some particulars arbitrators transcend the authority conferred upon them by the submission, provided the objectionable portion of the award can be separated from the unobjectionable. Proceedings before arbitrators are not reviewed with the same degree of strictness which is exercised in regard to trials before the courts, for the reasons, that arbitrators are usually not lawyers, and the proceedings before them are conducted with little regard to form, and the rules of evidence are not strictly adhered to. Often the controlling reason for resorting to that method of adjusting a controversy, is to avoid the customary delay and expense, consequent upon a trial in the courts—there is generally a practical difficulty, and in some cases it is impossible to discover from the record, the process by which the result is reached by arbitrators, yet the conclusion may be eminently just and proper. Hence such proceedings are regarded by the courts with great liberality, and properly so, as any other course would virtually deprive the community of this method of settling con-

troversies. ·Arbitration is favored rather than discouraged by the courts—as it furnishes a .convenient, and ordinarily inexpensive mode of adjusting differences. The following decisions show very clearly how such proceedings are regarded by the courts. (*Fudickar* v. *The Guardian M. L. Ins. Co.*, 62 N. Y., 392; *Smith* v. *Cutler*, 10 Wend., 589; *Jackson* v. *Ambler*, 14 Johns., 96.) The remarks of Judge SPENCER in his opinion in the case last cited are pertinent, and forcibly enunciate the views entertained by courts in regard to the liberality with which such proceedings are to be regarded when under review. (*Perkins* v. *Giles*, 50, N. Y., 228; *Morris Run Coal Co.* v. *The Salt Co.*, 58 id., 667.) The plaintiff insists that the deduction of $40,000 from the plaintiff's interest, based upon his interruption of the business of such partnership, and causing its determination before the period fixed by such articles, was such a gross act of injustice on the part of the arbitrators towards the plaintiff, as to indicate at least prejudice on their part to such a degree as to call for a reversal of their proceedings. When one member of a partnership wrongfully interrupts the business and causes its termination before the period fixed, and thereby deprives his associate of profits which it may reasonably be assumed he would derive from the business if continued, an allowance may be made to a party thus injured, to indemnify him for such loss. (*Bagley* v. *Smith*, 10 N. Y., 489.) In this case the arbitrators necessarily determined two questions ·against the plaintiff in regard to this claim.

First. That his conduct was such as to render necessary a termination of the partnership.

Second. That there existed a reasonable probability that profits would accrue from a continuance of the business to the period fixed by the agreement; and the defendant's share thereof. Such determination could only be properly arrived at, after considering all the facts and circumstances connected with the business, and acts· of the parties in relation thereto. We cannot justly assume that these arbitrators disregarded their duty by omitting such investigation, and jumping blindly to a result of such magnitude. This court has not before it such facts and circumstances, and hence cannot intelligently ascertain and determine whether the decision of the arbitrators was justified by the

facts before them. The law raises the presumption that they acted justly and wisely; and we have not before us facts which overcome such presumption, and justify this court in concluding that the arbitrators have been guilty of recklessness or fraud.

Parties who voluntarily resort to this method of settling differences, are alone responsible for the consequences which result therefrom. In a business of the magnitude which the one in question seems to have been, judging from the capital involved, and the long continuance of the business under the direction and control of the plaintiff, previous to the formation of this partnership, we can readily perceive that a partner who possesses the controlling interest and influence, may if disposed, seriously impair the success of such a business. And parties who possess limited means may not be able successfully to contend against such influence, and prevent consequent loss.

We therefore conclude that upon that ground this court cannot interfere. It is further contended that the award should be declared void for want of certainty and finality. Applying the same liberal rule of construction we conclude that the award can, in this respect, be upheld. Exact certainty is not indispensible to the validity of an award; certainty to a common or reasonable intent, is all that the law requires. When an award furnishes a substantial basis by and through which the parties can, by calculation or otherwise, work out the contemplated result, in accordance with the principles settled by, and the rights of the parties declared in the award, it will be regarded sufficient. (*Case* v. *Ferris*, 2 Hill, 75; *Backus* v. *Fobes*, 20 N. Y., 205; *Jackson* v. *Ambler*, 14 Johns., 96; *Ott* v. *Schroeppel*, 5 N. Y., 482.) The award made by two of the arbitrators was sufficient. The Revised Statutes (vol. 3 [6th Ed.], p. 844, § 7), provides "all the arbitrators must meet together and hear all the proofs and allegations of the parties; but an award by a majority of them shall be valid, unless the concurrence of all the arbitrators *be expressly required in the submission.*" We have seen that the articles of partnership provided for an award by any two of the arbitrators. The submission did not *expressly require* the concurrence of all the arbitrators in the award. This case was carefully considered at Special Term, as appears by the opinion, in which all the questions

are intelligently discussed. After giving to the case the examination which its importance demands, we are convinced that no substantial ground is established which will justify a reversal of the judgment.

There must be affirmance with costs.

*S. P. Nash*, for the appellant. *S. E. Lyon* and *John K. Porter*, for the respondents.

Opinion by INGALLS, J., DAVIS, P. J., and BRADY, J., concurred,

Judgment affirmed with costs.